**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of Delaware
                                     (State)

Case number (*If known*): _____ Chapter 11

☐ Check if this is an
   amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | Lena Brands LLC |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | d/b/a Shari's; d/b/a Coco's; d/b/a Shari's Restaurants; d/b/a Coco's Bakery Restaurants |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 3 3 – 1 9 4 3 8 1 5 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 13745 Omega Road<br>Number         Street | _____<br>Number         Street |
| _____ | _____<br>P.O. Box |
| Dallas                    TX        75244<br>City                      State      ZIP Code | _____<br>City              State      ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| _____<br>County | _____<br>Number         Street |
| | _____ |
| | _____<br>City              State      ZIP Code |

5. **Debtor's website** (URL)    www.sharis.com; www.cocosbakery.com

Debtor    Lena Brands LLC _____    Case number (*if known*)_____
          Name

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

❑ Partnership (excluding LLP)

❑ Other. Specify: _____

7. **Describe debtor's business**

A. *Check one:*

❑ Health Care Business (as defined in 11 U.S.C. § 101(27A))

❑ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

❑ Railroad (as defined in 11 U.S.C. § 101(44))

❑ Stockbroker (as defined in 11 U.S.C. § 101(53A))

❑ Commodity Broker (as defined in 11 U.S.C. § 101(6))

❑ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

❑ Tax-exempt entity (as described in 26 U.S.C. § 501)

❑ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

❑ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

7   2   2   5

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

❑ Chapter 7

❑ Chapter 9

☒ Chapter 11. *Check **all** that apply*:

❑ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

❑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

❑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

❑ A plan is being filed with this petition.

❑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

❑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

❑ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

❑ Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

❑ Yes.   District _____ When _____ Case number _____
                                         MM / DD / YYYY

         District _____ When _____ Case number _____
                                         MM / DD / YYYY

Debtor    Lena Brands LLC
                Name
Case number (if known)_____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.   Debtor Lena Holdings LLC, Lena Real Estate Holdings LLC Relationship Affiliate

District District of Delaware                          When 05/11/2026
                                                            MM / DD / YYYY

Case number, if known _____

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that appl*y.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                                                Number          Street

_____
City                                                      State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☒ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

Debtor    Lena Brands LLC
Name                                                                    Case number (if known)

**15. Estimated assets**
- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☒ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**
- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☒ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    05/11/2026
               MM / DD / YYYY

X _____          Samuel Nicholas Borgese
Signature of authorized representative of debtor    Printed name

Title    Sole Member / Owner

**18. Signature of attorney**

X  /s/ Mette H. Kurth                              Date    05/11/2026
Signature of attorney for debtor                           MM / DD / YYYY

Mette H. Kurth
Printed name

Pierson Ferdinand LLP
Firm name

3411 Silverside Road, Baynard Building, Suite 104-13
Number        Street

Wilmington                                    DE        19810
City                                          State     ZIP Code

302-907-9262                                  mette.kurth@pierferd.com
Contact phone                                 Email address

6491                                          DE
Bar number                                    State

Official Form 201          Voluntary Petition for Non-Individuals Filing for Bankruptcy          page 4

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| **LENA BRANDS LLC**, *et. al.*[1] | Case No. 26-_____ (___) |
| Debtors. | (Joint Administration Requested) |

**CORPORATE OWNERSHIP STATEMENT AND LIST OF EQUITY INTEREST HOLDERS
PURSUANT TO FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, Lena Holdings LLC, a Delaware corporation, and its affiliates, who are each debtors and debtors in possession in the above-captioned cases (each a "**Debtor**"), hereby state as follows:

1.      Debtor Lena Holdings LLC is owned by the following non-debtor:

| Entity | Ownership Interest |
|---|---|
| Samuel Nicholas Borgese | 100% |

2.      Debtor Lena Brands LLC is 100% owned by Debtor Lena Holdings LLC.

3.      Debtor Lena Real Estate Holdings LLC is 100% owned by Debtor Lena Holdings LLC.

---

[1]   The Debtors and the last digits of their tax identification numbers are Lena Holdings LLC (6569), Lena Brands LLC (3815) and Lena Real Estate Holdings LLC (1167).  Their mailing address is 13745 Omega Road, Dallas TX 75244.

**UNANIMOUS WRITTEN CONSENT
OF THE SOLE MEMBER OF
LENA BRANDS LLC
IN LIEU OF MEETING**

May 11, 2026

The undersigned, being the sole member (the "**Member**") of Lena Brands LLC, a Delaware limited liability company (the "**Company**"), acting without a meeting and pursuant to the Limited Liability Company Agreement of the Company dated as of November 13, 2024 (the "**Operating Agreement**"), and pursuant to the Delaware Limited Liability Company Act, as amended (the "**Act**"), by this unanimous written instrument (this "**Consent**"), hereby takes the following actions and adopts the following resolutions set forth below on behalf of the Company. The resolutions adopted and the actions taken by this Consent shall have the same force and effect that such resolutions and actions would have if they were adopted and taken at a duly called and convened meeting of the Member.

**WHEREAS**, the Member has reviewed and considered the financial and operational condition of the Company and its business on the date hereof, including its historical performance, its assets and prospects, its current and future liquidity needs, and its current and long-term liabilities; and

**WHEREAS**, the Member has reviewed and considered the strategic alternatives available to the Company, and the impacts of the foregoing on the Company's business, assets, and stakeholders; and

**WHEREAS**, the Company is a wholly owned subsidiary of Lena Holdings LLC, and Lena Holdings LLC and its other affiliates have determined to pursue relief under the provisions of chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**"); and

**WHEREAS**, the Member has determined that it is advisable and in the best interests of the Company to pursue relief under the Bankruptcy Code.

**NOW, THEREFORE, BE IT:**

**COMMENCEMENT OF CHAPTER 11 CASE**

**RESOLVED**, that the Company file, or cause to be filed, a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper, or necessary to effect the foregoing; and it is further

**RESOLVED**, that Samuel Nicholas Borgese, in his capacity as manager of the Company (the "**Authorized Person**"), be, and hereby is, authorized, empowered, and directed, with full power of delegation, to negotiate, execute, deliver, and file with the Bankruptcy Court, in the name and on behalf of the Company, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders, and other documents; and it is further

**RESOLVED**, that the Authorized Person be, and hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts and deeds that the Authorized Person deems necessary, appropriate, or desirable in connection with the Company's bankruptcy case and in furtherance of the restructuring of the Company's debts and obligations, all as consistent with these resolutions and to carry out and put into effect the purposes of these resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and it is further

## RETENTION OF COUNSEL

**RESOLVED**, that Pierson Ferdinand LLP be engaged and retained as general bankruptcy counsel on behalf of the Company to represent and assist the Company in carrying out its duties and responsibilities under the Bankruptcy Code and applicable law, and to take any and all actions to advance the Company's rights and interests, including, without limitation, filing any pleadings and responses, and making any filings with regulatory agencies or other governmental authorities; and it is further

**RESOLVED**, that the Authorized Person be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to engage and retain a claims and noticing agent as the Authorized Person deems necessary, appropriate, or desirable, to serve as the claims and noticing agent in the Company's chapter 11 case, and to execute appropriate retention agreements with and pay appropriate retainers to such claims and noticing agent upon such terms and conditions as the Authorized Person shall approve; and it is further

**RESOLVED**, that the Authorized Person be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements with and pay appropriate retainers to Pierson Ferdinand LLP, a claims and noticing agent, and such other professionals as the Authorized Person deems necessary, appropriate, or desirable, upon such terms and conditions as the Authorized Person shall approve, to render services to the Company, and to cause to be filed appropriate applications for authority to retain the services of such professionals; and it is further

## FINANCING

**RESOLVED**, that the Authorized Person be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to negotiate and obtain postpetition

2

financing and/or use of cash collateral, including under one or more debtor-in-possession credit facilities, as the Authorized Person deems necessary, appropriate, or desirable in connection with the Company's bankruptcy case and to carry out and put into effect the purposes of these resolutions; and to enter into any guarantees and to pledge and grant liens on the Company's assets in support of such financing, and in connection therewith to execute appropriate loan agreements and related ancillary documents; with the actions of the Authorized Person taken pursuant to this resolution, including the execution, acknowledgement, delivery, and verification of all such financing related documents, being deemed conclusive evidence of the approval and the necessity, desirability, or appropriateness thereof; and it is further

RESOLVED, that the Authorized Person be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with any such financing transaction(s) and all fees and expenses incurred by or on behalf of the Company in connection with these resolutions, in accordance with the terms of any financing related documents, which shall in the Authorized Person's sole judgment be necessary, appropriate, or desirable to perform any of the Company's obligations under or in connection with such financing arrangements and to carry out fully the intent of these resolutions; and it is further

## GENERAL

RESOLVED, that the Authorized Person be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, with full power of delegation, to take and perform any and all further acts or deeds, including (a) the negotiation of such additional agreements, amendments, modifications, supplements, consents, waivers, reports, documents, instruments, applications, notes, or certificates not now known but which may be required, (b) the execution, delivery, performance, and filing (if applicable) of any of the foregoing, and (c) the payment of all fees, consent payments, taxes, indemnities, and other expenses, as the Authorized Person, in his sole discretion, may approve or deem necessary, appropriate, or desirable to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, all of such actions, executions, deliveries, filings, and payments to be conclusive evidence of such approval or that the Authorized Person deemed the same to meet such standard; and it is further

RESOLVED, that any person dealing with the Authorized Person in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of the Authorized Person and by his execution of any document, agreement, or instrument, the same to be a valid and binding obligation of the Company enforceable in accordance with its terms; and it is further

RESOLVED, that the Authorized Person is hereby authorized to certify and deliver to any person to whom such certification and delivery may be deemed necessary or desirable in the opinion of the Authorized Person, a true copy of the foregoing resolutions; and it is further

3

RESOLVED, that all actions heretofore taken, and all agreements, instruments, reports, and documents executed, delivered, or filed through the date hereof, by the Authorized Person of the Company in, for, and on behalf of the Company, in connection with the matters described in or contemplated by the foregoing resolutions, are hereby approved, adopted, ratified, and confirmed in all respects as the acts and deeds of the Company as of the date such action or actions were taken.

The undersigned, being the sole member of the Company, has executed and adopts this Consent as of the date first above written.


**SOLE MEMBER:**


LENA HOLDINGS LLC

By: _____
Name: Samuel Nicholas Borgese
Its: Authorized Signatory

4