**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>**LENA BRANDS LLC.**, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-10792 (TMH)<br><br>(Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO (A) FILE AND MAINTAIN CONSOLIDATED CREDITOR LISTS, (B) FILE A CONSOLIDATED LIST OF THE DEBTORS' TWENTY LARGEST CREDITORS, (C) REDACT CERTAIN PERSONAL IDENTIFICATION INFORMATION FOR INDIVIDUAL EMPLOYEES, AND (D) AUTHORIZE SERVICE ON EMPLOYEES THROUGH COMPANY DISTRIBUTION CHANNELS AND (II) GRANTING RELATED RELIEF**

Lena Brands LLC and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases, by and through their undersigned counsel, respectfully state the following in support of this motion (the "**Motion**").

**I.**
**RELIEF REQUESTED**

1.      The Debtors seek entry of an order (the "**Order**"), substantially in the form attached hereto as **Exhibit A**: (a) authorizing the Debtors to file a single, consolidated list of creditors, maintain a single, consolidated mailing matrix (the "**Creditor Matrix**"), and file a single, consolidated list of the Debtors' 20 largest unsecured creditors (the "**20 Largest List**") in lieu of filing and maintaining separate creditor lists and mailing matrices for each Debtor; (b) authorizing the Debtors to redact from both the Creditor Matrix and any subsequent service lists the names and home addresses of the Debtors' current and former employees; (c) authorizing the Debtors to

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers, are: Lena Holdings LLC (6569), Lena Brands LLC (3815) and Lena Real Estate Holdings LLC (1167).  Their mailing address is 13745 Omega Road, Dallas TX 75244.

serve notices on such employees through the Debtors' internal company distribution channels, including electronic mail and internal communications platforms, in lieu of service by United States mail; and (d) granting related relief.

## II.
## JURISDICTION AND VENUE

2.    The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.    The Debtors confirm their consent, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), to the entry of a final order or judgment by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.
## BASS FOR RELIEF

4.    The bases for the relief requested in this Motion are sections 105(a), 107(c)(1), and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), Rules 1007(a) and (d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rules 1001-1(c), 1007-1, 1007-2, 2002-1, and 9013-1(m).

## I.
## GENERAL BACKGROUND

5.    On May 15, 2026 (the "**Petition Date**"), each of the Debtors commenced the above-captioned cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2

The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed in these cases.

6.      The Debtors include Lena Holdings LLC, Lena Brands LLC, and Lena Real Estate Holdings LLC. The Debtors' mailing address is 13745 Omega Road, Dallas, TX 75244.

7.      Additional information regarding the Debtors, including their business operations, corporate and capital structure, and the events leading to the commencement of these chapter 11 cases, is set forth in the *Declaration of Samuel Nicholas Borgese in Support of the Chapter 11 Petitions and First Day Pleadings* (the "**First Day Declaration**"), which is incorporated herein by reference.

**A.      The Consolidated Creditor Matrix**

8.      The Debtors' operations are closely integrated. Multiple creditors appear on more than one Debtor's books and records, and the Debtors share common vendors, employees, and contractual counterparties. Given the significant overlap among creditors, preparing separate, substantially identical matrices for each Debtor would result in unnecessary duplication, increased costs, and a risk of inconsistent or incomplete information. A consolidated matrix will provide a single, organized data set, simplify amendments, and reduce administrative expenses for these estates.

**B.      Redaction of Employee Names and Personal Identification Information**

9.      The Debtors employ a significant number of individuals whose names and home addresses would otherwise appear on the Creditor Matrix by virtue of potential employment-related claims, including claims for wages, benefits, or other compensation. Public disclosure of

3

employee names and home addresses in a bankruptcy filing could expose these individuals to harassment, unwanted solicitation, identity theft, or other harm.

10.     To balance privacy concerns with creditors' legitimate need for notice, the Debtors propose to redact the names and home addresses of all current and former employees from the publicly filed Creditor Matrix and from all other publicly available filings in these chapter 11 cases (e.g., listing employees by employee identification number or other non-identifying designation rather than by name). The Debtors will maintain an unredacted version of the Creditor Matrix and make it available to the Court, the U.S. Trustee, and any party in interest who demonstrates a particularized need for the information and agrees to treat it as confidential. All non-employee creditors—including secured lenders, trade vendors, professional firms, taxing authorities, and litigation counterparties—will appear on the public Creditor Matrix with full identifying information.

C.     **Service on Employees Through Company Distribution Channels**

11.     The Debtors further request authority to serve notices on their current employees through the Debtors' internal company distribution channels—including, without limitation, electronic mail, internal communications platforms, and other electronic means regularly used to communicate with employees in the ordinary course of business—in lieu of service by United States mail. The Debtors' employees regularly receive and respond to communications through these internal distribution channels, and service through such means will be more efficient, more likely to reach intended recipients in a timely manner, and substantially less costly to the estates than traditional mail service.

12.     Former employees for whom the Debtors maintain a current email address or other electronic contact information on file shall also be served through such electronic means. In the

event that the Debtors do not maintain current electronic contact information for a former employee, the Debtors will serve such former employee by United States mail at such individual's last known home address.

## IV.
## BASIS FOR RELIEF

### A.    Request to File a Consolidated List of Creditors

13.    Bankruptcy Rule 1007(c)(1), Local Rule 1007-2(a), and Bankruptcy Code section 521 require each debtor in a voluntary chapter 11 case to file a list containing the name and complete address of each creditor, and to maintain a separate creditor mailing matrix in jointly administered cases. Bankruptcy Rule 1007(d) also requires a list of the 20 largest unsecured creditors, excluding insiders, to assist the Office of the United States Trustee in evaluating claims and identifying potential committee members.

14.    However, Local Rule 1001-1(c) permits the Court to modify these requirements "in the interest of justice." Given the Debtors' integrated operations and significant overlap among creditors, preparing separate, nearly identical matrices would result in unnecessary duplication, increased costs, and a risk of inconsistent or incomplete information. A consolidated matrix will provide a single, organized data set, simplify amendments, and reduce administrative expenses for these estates.

15.    Courts in this district have routinely approved relief similar to that requested herein. *See, e.g., In re Dynamic Aerostructures LLC, et al.*, No. 25-10292 (LSS) (Bankr. D. Del. February 27, 2025) (authorizing consolidated creditor matrix and 20 largest list and redaction of PII); *In re 24 Hour Fitness Worldwide, Inc.*, No. 20-11558 (KB) (Bankr. D. Del. June 16, 2020) (authorizing a consolidated creditor matrix and list of largest unsecured creditors); *In re Charming Charlie Holdings, Inc.*, No. 19-11534 (CSS) (Bankr. D. Del. July 12, 2019) (same).

16.     Accordingly, for the reasons set forth above and in the First Day Declaration, the Debtors respectfully request that the Court authorize the Debtors to file and maintain a single, consolidated Creditor Matrix in these cases and to file a single, consolidated 20 Largest List.

**B.      Request to Redact Employee Names and Home Addresses**

17.     The Debtors seek authority to redact the names and home addresses of their current and former employees from the Creditor Matrix and all other filings in these chapter 11 cases. The Bankruptcy Code authorizes such relief where disclosure would create an undue risk of identity theft or other harm. *See* 11 U.S.C. §§ 105(a), 107(c)(1); 28 U.S.C. § 1028(d)(7). Courts have recognized that the broad language of Bankruptcy Code section 107(c)(1) encompasses personal identification information, including names and addresses, where disclosure could expose individuals to harassment, unwanted solicitation, or identity theft.

18.     Bankruptcy Code section 107(c)(1) provides that the Court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property[:] . . . [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under" the Bankruptcy Code.

19.     The Debtors' employees include individuals at all levels of the organization. Public disclosure of their names in connection with a bankruptcy filing—particularly in combination with home address information—could subject them to unwanted contact from creditors, recruiters, or other parties, and could expose them to identity theft or other personal security risks. The Debtors further submit that maintaining employee confidentiality will help preserve workforce stability during the pendency of these chapter 11 cases.

6

20. This approach is narrowly tailored and consistent with decisions in this district where courts have authorized the redaction of personal identification information for employees and other individuals to protect against unnecessary security and privacy risks. *See, e.g., In re Promise Healthcare Group, LLC*, Case No. 18-12491 (CSS) (Bankr. D. Del. Dec. 4, 2018); *In re L.K. Bennett U.S.A., Inc.*, Case No. 19-10760 (KG) (Bankr. D. Del. Apr. 9, 2019); *In re Dex Media, Inc.*, No. 16-11200 (KG) (Bankr. D. Del. May 18, 2016).

21. Accordingly, cause exists to authorize the Debtors to redact the names and home addresses of the Debtors' current and former employees from the Creditor Matrix and all publicly filed documents in these chapter 11 cases.

**C.      Request to Authorize Service Through Company Distribution Channels**

22. The Debtors seek authority to serve all required notices on current and former employees through the Debtors' internal company distribution channels in lieu of service by United States mail. Bankruptcy Code section 105(a) authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code, including orders modifying the manner of service where alternative service is reasonably calculated to provide actual notice.

23. The Debtors submit that service through internal distribution channels—including company email, internal communication platforms, and other electronic means regularly used by the Debtors to communicate with employees—is reasonably calculated to provide actual notice to the Debtors' employees. The Debtors' employees regularly use and monitor these communication channels in the ordinary course of their employment, and such service is more likely to reach employees in a timely manner than traditional mail sent to home addresses, which may be outdated or inaccurate.

24.     Moreover, requiring service by United States mail to potentially hundreds of employees would impose significant and unnecessary costs on the Debtors' estates—costs that can be avoided through the use of existing internal distribution infrastructure at negligible expense. Service through company channels will be faster, more reliable, and substantially more cost-effective.

25.     The Debtors will maintain records of all notices served on employees through company distribution channels, including confirmation of delivery or transmission where available, to ensure that adequate service can be verified.

## V.
## NOTICE

26.     The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the entities listed on the Consolidated List of Creditors Holding the 20 Largest Unsecured Claims; (c) counsel to the agent under the Debtors' prepetition credit facility; (d) the United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the office of the attorneys general for the states in which the Debtors operate; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002. As this Motion is seeking "first day" relief, the Debtors will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## VI.
## NO PRIOR REQUEST

27.     No prior request for the relief sought in this Motion has been made by the Debtors to this or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: May 18, 2026

/s/ Mette H. Kurth
Mette H. Kurth (DE Bar No. 6491)
PIERSON FERDINAND LLP
3411 Silverside Road
Baynard Building, Suite 104-13
Wilmington, DE 19810
Email: mette.kurth@pierferd.com
Telephone: (302) 907-9262

Lynnette R. Warman (TSB 208674940)
*(Pro Hac Vice Pending)*
PIERSON FERDINAND LLP
1341 W. Mockingbird Lane, Suite 600W
Dallas TX 75247
Email: lynnette.warman@pierferd.com
Telephone: (214) 872-6319

*Proposed Counsel for Debtors and Debtors in Possession*

9